IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-14-00975 |
| WILLIAM B. HAMILTON, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

The United States ("the Government") brought this action pursuant to 26 U.S.C. § 7401 against *pro se* Defendant William B. Hamilton ("Hamilton") to collect outstanding unpaid liabilities for federal internal revenue taxes, plus statutory accruals, from tax years 1990 and 1991. Now pending before the Court are Hamilton's Motion for Summary Judgment, ECF No. 11, and the Government's Motion for Summary Judgment, ECF No. 13.[1] A hearing is not necessary. *See* Local Rule 105.6 (D. Md.). For the reasons stated below, the Court will, by separate order, deny Hamilton's Motion for Summary Judgment and grant the Government's Motion for Summary Judgment as to Hamilton's liability for income taxes for 1990 and 1991.

**I.   BACKGROUND**

Hamilton is a U.S citizen who lives in Gaithersburg, Maryland. *See* ECF No. 1 at ¶ 3. Pursuant to 26 U.S.C. § 6201, a delegate of the Secretary of the Treasury made the following assessments against Hamilton for federal income tax, penalties, and interest as set forth below:

---

[1] Although Hamilton styled his motion as one for dismissal, the Court will, nevertheless, construe his motion as one for summary judgment, given that the deadline for filing a motion to dismiss has passed. *See* Fed.R.Civ.P. 12.

| Year | Assessment Dates | Assessment Type | Assessment Amount |
|---|---|---|---|
| 1990 | 3/29/2004 | Additional tax assessed by examination | $68,150.00 |
|  | 3/29/2004 | Interest charged for late payment | $178,670.59 |
|  | 3/20/2006 | Penalty for late payment of tax | $8,178.00 |
|  | 10/5/2009 | Penalty for late payment of tax | $4,770.50 |
|  | 10/7/2013 | Interest charged for late payment | $177,386.35 |
| 1991 | 3/29/2004 | Additional tax assessed by examination | $47,268.00 |
|  | 3/29/2004 | Interest charged for late payment | $105,935.14 |
|  | 10/5/2009 | Penalty for late payment of tax | $11,817.00 |
|  | 10/7/2013 | Interest charged for late payment | $110,915.45 |

*Id.* at ¶ 6. According to the Government, notice and demand for payment of the assessments were given to Hamilton in accordance with 26 U.S.C. § 6303. *Id.* at ¶ 8. Despite these notices and demands, however, Hamilton failed to pay the full amounts due and owing for tax years 1990 and 1991, and, as of March 27, 2014, there remains due and owing to the Government the sum of $303,361.86 for 1990 and $207,123.60 for 1991 – a total of $510,485.46. *Id.*

On March 28, 2014, the Government filed a complaint against Hamilton requesting that this Court enter a judgment in favor of the Government and against Hamilton for federal income taxes, interest, and penalties in the amount of $510,485.46, together with all interest and penalties that have accrued and will continue to accrue. On October 28, 2014, Hamilton has filed a motion for summary judgment, ECF No. 11, claiming "that no federal taxes are owed at this time" because the alleged liabilities "have surpassed the 10 year statutory expiration date . . . ." *Id.* The Government opposed Hamilton's motion and has filed its own motion for summary judgment. *See* ECF No. 13. For the reasons stated below, the Court will DENY Hamilton's motion for summary judgment and will GRANT the Government's motion for summary judgment.

2

## II.     STANDARD OF REVIEW

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Once a party has properly filed evidence supporting the motion for summary judgment, the non-moving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. *Celotex*, 477 U.S. at 322-24. These facts must be presented in the form of exhibits and sworn affidavits. *See* Fed.R.Civ.P. 56(c). When the Court is faced with cross motions for summary judgment, as in the instant case, the Court must review each motion separately on its own merits. *See Rossignol v. Voorhaar*, 316 F. 3d 516, 523 (4th Cir. 2003).

## III.    DISCUSSION

Hamilton argues that the Government's complaint should be dismissed because it was not brought within ten years of the tax assessments. *See* ECF No. 11. Specifically, Hamilton points to IRS documents that "show that the [IRS] rightfully wrote off the balance due on March 31, 2014, which was beyond the statut[ory] expiration date pr[e]scribed in 26 U.S.C. § 6502." *Id.* The Government disagrees with Hamilton's contention and argues that it filed the instant lawsuit before the expiration of the statute of limitation. *See* ECF No. 13. According to the Government then, there is no genuine issue of material fact as to Hamilton's tax liabilities. *See id.* For the reasons stated below, the Court agrees with the Government and will therefore grant its motion for summary judgment.

The Government seeks summary judgment on its claim that Hamilton is indebted to the United States for unpaid federal income taxes, penalties, and statutory interest for tax years 1990 and 1991 in the amount of $510,485.46 as of March 27, 2014. It has supported that motion with a declaration from an IRS Supervisor Revenue Officer as well as official IRS records substantiating the assessments made by the Government and the outstanding tax liabilities owed by Hamilton, "thus shifting the burden to [Hamilton] to produce evidence refuting the Government's position." *U.S. v. Kitila*, No. 09-0455, 2010 WL 917873, at *3 (D. Md. Mar. 8, 2010) (citing *U.S. v. Pomponio*, 635 F.2d 293, 296 (4th Cir.1980)). Hamilton does not contend that the assessments were not made, but rather contends that the statute of limitations to collect income taxes for the 1990 and 1991 tax years expired, and that he owes no taxes for those years.

Where, as here, an assessment of any tax is imposed pursuant to the Internal Revenue Code, 26 U.S.C. § 6502(a)(1) provides for a ten-year statute of limitations period, from the time of assessment, to collect such tax by levy or proceeding in court. Here, the Government issued an assessment for tax year 1990 on March 29, 2004. *See* ECF No. 13-3. Similarly, for tax year 1991, the Government issued an assessment on March 29, 2004. *See* ECF No. 13-4. Thus, the Government had until March 29, 2014 to collect on these liabilities. *See* 26 U.S.C. § 6502(a)(1). Because the Government filed its complaint on March 28, 2014 – one day prior to the expiration of the statute of limitations – the Government's lawsuit is timely. Hamilton's motion for summary judgment is denied and the Government's motion for summary judgment is granted.[2]

---

[2] That Hamilton's IRS Account Transcripts includes line entries indicating "write-off balances" in the amounts of $450,567.85 and $299.569.59 on March 31, 2014 does not change the Court's conclusion that the Government's complaint was filed within the ten year statute of limitations provided by 26 U.S.C. § 6502(a)(1), as this lawsuit was instituted on March 28, 2014 and the "write-off balances" were reversed on the same day they were posted. *See* ECF No. 13-3; *see also* ECF No. 13-4.

**IV.     CONCLUSION**

Based on the forgoing, the Court DENIES Hamilton's motion for summary judgment and the Court GRANTS the Government's motion for summary judgment. Judgment will be entered in the amount of $510,485.46, the amount that was due and owed on March 27, 2014.[3]  A separate Order will follow.


Dated: December 11, 2014                                  /S/
                                                     George Jarrod Hazel
                                                     United States District Judge

---

[3] The Government may seek any additional statutory penalties, interest, or additions, if allowed by law. Costs may be taxed by the Clerk in accordance with Fed.R.Civ.P. 54(d) and Local Rule 109.1.